# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NORBERT ZAENGLEIN,** ) | **CASE NO. 4:09CV3188** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **STATE OF NEBRASKA, and ANN** ) | |
| **FROHMAN, Director, Nebraska** ) | |
| **Department of Insurance,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 11.) As set forth below, the Motion is granted.

## I.  BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Defendants on September 2, 2009. (Filing No. 1.) Plaintiff alleges that Defendant Ann Frohman ("Frohman") is an employee of the State of Nebraska and that she "violated Plaintiff's Federal constitutional rights including those that allow for the petitioning of the government for a redress of grievances." (*Id.* at CM/ECF p. 2.) Plaintiff further alleges that Frohman "without due process and with malice and reckless indifference" violated his rights to freedom of speech, the press, assembly, and to petition the government for a redress of grievances. (*Id.*) Plaintiff also complains about the Nebraska State Claims Board, which is not a Defendant in this matter. (*Id.* at CM/ECF p. 3.) Plaintiff sues Frohman in both her individual and official capacities and seeks only monetary relief. (*Id.* at CM/ECF pp. 2, 4.)

Defendants filed their Motion to Dismiss and Brief in Support on October 2, 2009, arguing that they are entitled to dismissal because they enjoy sovereign immunity and because Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Filing Nos. 11 and 12.) Plaintiff opposes the Motion. (Filing No. 14.)

## II. DEFENDANTS' MOTION TO DISMISS

### A. Plaintiff's Official-Capacity Claims

Defendants argue that Plaintiff's claims against the State of Nebraska and Frohman in her official capacity must be dismissed because they are entitled to sovereign immunity. (Filing No. 12 at CM/ECF pp. 3-5.) The court agrees.

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity which employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88

F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). As such, damages claims against individual state employees acting in an official capacity are also barred by the Eleventh Amendment. *Murphy v. State of Ark.,* 127 F.3d 750, 754 (8th Cir. 1997).

Here, Plaintiff seeks relief against the State of Nebraska and Frohman in her official capacity. (Filing No. 1 at CM/ECF p. 2.) However, Plaintiff seeks only monetary relief and does not seek any injunctive relief. (*Id.* at CM/ECF p. 4.) Frohman is a State of Nebraska employee. She therefore enjoys sovereign immunity from damages suits brought against her in her official capacity, as does the State of Nebraska. Plaintiff argues that because the State of Nebraska allows the State Claims Board "to adjudicate claims against the state" and because there is "a legal course of action that allows for suits against the State of Nebraska" in state court, it has waived sovereign immunity in this court. (Filing No. 14 at CM/ECF p. 3.) The court has found nothing to support Plaintiff's argument, nor does he cite any support for it. Indeed, a state process for adjudicating claims against the state in state court has no impact on whether a state has waived sovereign immunity in federal court. In short, there is nothing before the court showing that the State of Nebraska has waived its sovereign immunity. The claims against the State of Nebraska and Frohman in her official capacity must therefore be dismissed.

### B.     Plaintiff's Individual-Capacity Claims

Plaintiff also seeks monetary relief against Frohman in her individual capacity. Frohman argues that such claims must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted. Again, the court agrees with Frohman.

Where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) (quotation omitted); *see also Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). As set forth in *Ashcroft*:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1949-50. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Plaintiff's Complaint consists of allegations that Frohman "violated Plaintiff's Federal constitutional rights including those that allow for the petitioning of the government

4

for a redress of grievances." (Filing No. 1 at CM/ECF p. 2.)  Plaintiff further alleges that Frohman "without due process and with malice and reckless indifference" violated his rights to freedom of speech, the press, assembly, and to petition the government for a redress of grievances. (*Id.*) Although Plaintiff lists several "rights" that Frohman "violated," he does not state a single factual allegation regarding what Frohman did (or failed to do). Even liberally construing the Complaint, it contains only "threadbare recitals" of various causes of action, from which the court cannot "infer more than the mere possibility of misconduct." *Ashcroft*, 129 S. Ct. at 1949-50. The Complaint therefore fails to state a claim upon which relief may be granted and Plaintiff's claims against Frohman in her individual capacity are also dismissed.

    IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (Filing No. 11) is granted. Plaintiff's Complaint is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 3rd day of February, 2010.

                                  BY THE COURT:

                                  s/Laurie Smith Camp
                                  United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.